IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI, | |
| Plaintiff, | Civil Action No. 1:23-cv-03766-CKK |
| v. | |
| UNITED STATES OF AMERICA ET AL., | |
| Defendants. | |

## DEFENDANT META'S MOTION TO STAY AND HOLD RESPONSE DEADLINE IN ABEYANCE

Defendant Facebook, Inc. (Meta Platforms, Inc.) ("Meta"), moves to stay its response deadline in this case pending the Supreme Court's resolution of *Murthy v. Missouri*, S. Ct. No. 23-411 ("*Murthy*"), which may bear on the state action issues alleged in this case and which is set to be resolved before the end of the Supreme Court's current term. A stay is warranted for the following reasons:

1. Plaintiff Dr. Shiva Ayyadurai filed the Complaint in this case on December 2, 2023. DE 1. Plaintiff's Complaint alleges, among other things, that Meta, Google, and X's moderation of his content on their respective services constitutes a violation of Plaintiff's First Amendment rights. *See, e.g.,* DE 1, ¶¶ 1-11.

2. On March 3, 2024, this Court directed Plaintiff to effect service on each Defendant, which Plaintiff attempted to do in early April through certified mail. *See generally* DE 3, 10-14, 17, 21, 22. Currently, Meta's response date is May 24, 2024. DE 15, 16. Meta understands that Google's response date is June 23, 2024, DE 19-20, while other Defendants, including Twitter, Inc.. ("X"), and the United States of America, the Cybersecurity Infrastructure Security Agency ("CISA"), and Jen Easterly (collectively, "the Federal Defendants"), have not

appeared in the case.

3. Meta believes Plaintiff's Complaint is subject to dismissal for failure to state a claim against Meta on multiple grounds. To start, Plaintiff fails to allege facts sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure. Indeed, Plaintiff's 311-paragraph Complaint makes only one vague factual allegation as to conduct by Meta: that Meta "shadowbanned" some unspecified content. *See* DE ¶181. Moreover, any claim based on this alleged "shadowbanning" would be barred by Section 230. And, as to Plaintiff's constitutional claims, Plaintiff fails to allege that any alleged conduct by Meta constitutes state action, as required to bring constitutional claims against a private party. *See, e.g., Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019) (explaining that the First Amendment constrains only the government and "does not prohibit private abridgement of speech."); *O'Handley v. Weber*, 62 F. 4th 1145, 1159-60 (9th Cir. 2023) (dismissing constitutional claims based on Twitter's deletion of election misinformation because Complaint failed to allege facts showing that Twitter's moderation constituted state action).

4. The Supreme Court's pending decision in *Murthy* is expected to address the question of state action. As Plaintiff appears to allege in this case, the *Murthy* plaintiffs allege First Amendment violations arising out of content moderation on online services. The question presented for Supreme Court review is: "whether the government's challenged conduct transformed private social media companies' content-moderation decisions into state action and violated respondents' First Amendment rights." *See generally Murthy v. Missouri*, No 23-411. Accordingly, the Supreme Court's pending decision in *Murthy* is likely to establish controlling law relevant to Plaintiff's claims in this case. Further, the Supreme Court's decision in *Murthy* will be issued before the end of the Court's current term, likely within 6 weeks of the filing of

this motion. As such, waiting for this forthcoming decision will not unduly delay these proceedings.

5. Staying this case pending the Supreme Court's decision in *Murthy* will support judicial economy and conserve the parties' resources by ensuring that the relevant legal standard is known before the parties commence briefing on motions to dismiss. Without a stay, it is very likely that briefing on Meta's anticipated motion to dismiss (currently due May 24, 2024), including Plaintiff's opposition to Meta's motion (anticipated due June 7, 2024) and Meta's reply (anticipated due June 14, 2024) would be filed without the benefit of *Murthy*. Staying Meta's response deadline pending the Supreme Court's decision will allow all parties to know the governing law up front, thereby increasing the clarity of the parties' arguments and foreclosing the potential need for supplementary briefing.

6. Staying the case will not result in any prejudice to Plaintiff. Given the already staggered briefing schedule, and the fact that not all Defendants have been served, the brief stay requested by Meta will not delay the case or result in prejudice to Plaintiff.

7. Staying the case will also promote judicial economy and conserve the parties' resources by helping to align briefing schedules for the various Defendants. As noted above, Meta's and Google's Motions to Dismiss are staggered by a month. To the extent other Defendants ultimately appear, their motions may be staggered further still. This variation functionally prevents Defendants from filing joint briefs in appropriate situations and will result in Plaintiff filing separate oppositions to several motions to dismiss making similar arguments. Staying Defendants' response deadlines until resolution of *Murthy* will, at minimum, allow briefing to proceed on the same schedule.

8. Pursuant to Local Rule 7(m), Meta has conferred with representatives of Google,

X, and the Federal Defendants, who agree that a stay is appropriate. Meta has attempted to confer with Plaintiff regarding this motion, but has yet to receive a response.

9. Accordingly, Meta respectfully asks the Court to stay its response deadline pending the Supreme Court's resolution of *Murthy v. Missouri*, No 23-411. Meta further proposes that Meta submit a status report within 30 days of the Supreme Court's mandate, and that this Court then set a schedule for briefing on motions to dismiss by all Defendants who have been served at that time. Meta further asks that the Court hold its current May 24, 2024 deadline to respond to the Complaint in abeyance pending ruling on Meta's Motion to Stay; in the event the Court denies the Motion to Stay, then Meta shall be required to file its response to the Complaint within seven (7) days of such ruling by the Court.

Dated: May 16, 2024

Respectfully submitted,

By: /s/ Diana Szego Fassbender
Diana Szego Fassbender
Orrick, Herrington & Sutcliffe LLP
2100 Pennsylvania Avenue NW
Washington, DC  20037
Telephone: +1 617 880 1800
Facsimile:  +1 617 880 1801
dszego@orrick.com

*Counsel for Defendant Facebook, Inc. (Meta Platforms, Inc.)*