UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA et al., <br><br> Defendants. | Civil Action No. 23-3766 (CKK) |

**FEDERAL DEFENDANTS' MOTION TO STAY RESPONSE DEADLINE**

Defendants the United States of America, the Cybersecurity and Infrastructure Security Agency ("CISA"), and Jen Easterly, in her official capacity as the Director of CISA (collectively, "Federal Defendants"), through undersigned counsel, respectfully move to stay their response deadline to the complaint in this action pending the Supreme Court's decision in *Murthy v. Missouri*, No. 23-411 (U.S.). Pursuant to Local Civil Rule 7(m), undersigned attempted to ascertain Plaintiff Shiva Ayyadurai's position regarding this motion on May 30, 2024, and again on May 31, 2024, but has not yet received a response.[1] The Federal Defendants' response deadline is currently June 4, 2024. Undersigned has conferred with representatives for Facebook, Inc. (Meta Platforms, Inc.), Google, X Corp.,[2] and YouTube, who indicate that they do not oppose the grounds

---

[1]    Undersigned was only first assigned to this case on May 27, 2024, a federal holiday, and attempted to confer with Plaintiff regarding the grounds for this motion as quickly as practicable.

[2]    X Corp. ("X") is formally known as Twitter, Inc. X indicated that it had not yet been properly served in this matter, but that it expected it would not object to the grounds for this motion, subject to proper service.

for relief.[3] On May 31, 2024, this Court granted Meta's motion to stay its response deadline pending the Supreme Court's decision in *Murthy*. *See* ECF No. 27. The grounds for this motion are set forth below.

Plaintiff Shiva Ayyadurai, proceeding *pro se*, brings this action against several social media platforms and the Federal Defendants, arising out of the moderation of his content, alleging violations of the First Amendment, the Administrative Procedure Act, the Federal Tort Claims Act, and asserting claims against unidentified "Doe" CISA employees in their personal capacities under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). At the appropriate juncture, the Federal Defendants expect to seek dismissal of the claims against them in their entirety on numerous grounds.

Nevertheless, the time for a response to the Complaint should be postponed temporarily, because the Supreme Court is poised within the next few weeks to issue a decision in *Murthy*, which will directly implicate the claims asserted in this case. The individual plaintiffs whose claims are at issue in *Murthy* allege First Amendment and other violations arising out of moderation of particular content the plaintiffs posted on their social media platform accounts. . In October 2023, the Supreme Court granted certiorari to determine: (1) whether the respondents have Article III standing; (2) whether the Government's conduct "transformed private social-media companies' content-moderation decisions into state action and violated respondents' First Amendment rights"; and (3) whether the "terms and breadth of the preliminary injunction are proper." *See* U.S. App. (23A243) for Stay, at 40, No. 23-411. The Supreme Court heard oral argument in *Murthy* on March 18, 2024.

---

[3]   Meta filed its own motion to stay its response deadline on May 16, 2024 (ECF No. 23). Plaintiff filed an opposition to Meta's motion on May 23, 2024, and on May 31, 2024, the Court granted Meta's request, staying its response deadline until the *Murthy* decision is issued.

Here, Plaintiff alleges in the Complaint that government officials "coerc[ed], strong[ly] encourage[d], and coordinat[ed]" with social media companies to monitor Plaintiff's social media activities and content and "regulate [his] speech." Compl. ¶¶ 11, 13–14. The Supreme Court's decision in *Murthy* therefore will at least inform, if not entirely govern, this Court's analysis on a motion to dismiss.

The power to issue a stay is "appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. Ltd. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (BAH). A stay may be warranted "where the resolution of other litigation will likely narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Id.* (quoting *Landis*, 299 U.S. at 253) (internal quotation marks omitted). The stay may still be warranted even when the "parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others." *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (RWR) (quoting *Landis*, 299 U.S. at 256). To be lawful, the stay must have "reasonable limits." *Landis*, 299 U.S. at 257.

Here, there is a clear end to the Federal Defendants' stay request. Because the Supreme Court likely will issue its decision before the end of its term, sometime at the end of June 2024, staying the Federal Defendants' response deadline will not unnecessarily delay proceedings. Indeed, several other Defendants have not yet appeared or have been properly served, and this Court has already granted Meta's request to stay its response deadline on these grounds. *See* May 31, 2024, Mem. Op. (ECF No. 27). Staying the Federal Defendants' response deadline will also conserve judicial resources, as it will allow the parties to address the impact of *Murthy* in their initial round of briefing, rather than having to file supplemental briefs. Thus, the Federal Defendants respectfully request that the Court stay their response deadline pending the issuance

of the Supreme Court's mandate in *Murthy*. The Federal Defendants further request that consistent with this Court's May 31, 2024, Order, the Court order Federal Defendants to file a status report within 30 days of the *Murthy* decision, proposing a briefing schedule for further proceedings. A proposed order is included herein.

Dated: May 31, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: */s/ Brenda González Horowitz*
    BRENDA GONZÁLEZ HOROWITZ
    Assistant United States Attorney
    601 D Street, NW
    Washington, DC 20530
    (202) 252-2512

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>　　　　Defendants. | Civil Action No. 23-3766 (CKK) |

### **[PROPOSED] ORDER**

Upon consideration of the Federal Defendants' motion to stay their response deadline, it is hereby ORDERED that the motion is granted.

It is further ORDERED that the Federal Defendants' response deadline is stayed pending the Supreme Court's issuance of the mandate in *Murthy v. Missouri*, No. 23-411.

It is further ORDERED that the Federal Defendants shall file a status report within 30 days of the issuance of the Supreme Court's mandate proposing a schedule for further proceedings on the Federal Defendants' motion to dismiss.

SO ORDERED.

_____  　　　　　　　_____
Dated　　　　　　　　　　　　　　　　COLLEEN KOLLAR-KOTELLY
　　　　　　　　　　　　　　　　　　　United States District Judge