UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI,<br>          Plaintiff,<br>     v.<br>UNITED STATES OF AMERICA, *et al.*,<br>          Defendants. | Civil Action No. 23-3766 (CKK) |

**MEMORANDUM OPINION & ORDER**
(June 20, 2024)

Plaintiff Shiva Ayyadurai, proceeding *pro se*, sued the U.S. Government, various federal officials and state actors, and social media companies, including Defendants Google LLC and YouTube, LLC (collectively, "Google"), alleging, among other things, that Defendants are violating his First Amendment rights by regulating Plaintiff's content on social media. *See generally* Compl., ECF No. 1. Pending before the Court is Defendant Google's [34] Motion to Stay Response Deadline ("Motion" or "Mot."). Google moves to stay its response deadline to the Complaint pending the United States Supreme Court's resolution of *Murthy, et al. v. Missouri, et al.*, No. 23-411. *See* Mot. at 1. Upon consideration of the briefing,[1] the relevant authorities, and the record as a whole, the Court shall **GRANT** Defendant Google's [34] Motion to Stay Response Deadline, and **STAY** Google's response deadline in this case, pending further order from the Court.

---

[1] The Court's consideration has focused on the following:
- Plaintiff's Compl., ECF No. 1; and
- Defendant Google's Motion to Stay Response Deadline ("Mot."), ECF No. 34.

1

## I. BACKGROUND

**A. The Supreme Court &** *Murthy, et al. v. Missouri, et al.*

In March 2024, the Supreme Court heard oral arguments in *Murthy, et al. v. Missouri, et al.*, with a decision expected to be issued by the end of the Supreme Court's term in June 2024. *See* 23-411, Supreme Court of the United States, https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/23-411.html (last accessed June 17, 2024). On appeal is the Fifth Circuit's decision, in which the Fifth Circuit found that certain federal officials "coerced and significantly encouraged [certain social media] platforms to moderate content," in violation of the First Amendment. *Missouri v. Biden*, 83 F.4th 350, 388–92 (5th Cir. 2023), *cert. granted*, 144 S. Ct. 7 (2023). In that case, various social media users and two states (Missouri and Louisiana) alleged that federal officials "coerced social-media platforms into censoring social-media content," as the plaintiffs had content "removed or downgraded" by the social media platforms. *Missouri*, 83 F.4th at 359. The district court had agreed with the plaintiffs and granted preliminary injunctive relief. *Id.* at 360. The Fifth Circuit affirmed the district court's judgment with respect to certain federal officials (specifically, the White House, the Surgeon General, the CDC, the FBI, and CISA) and reversed as to all other officials. *Id.* at 399.

In October 2023, the Supreme Court granted certiorari to determine: (1) whether the respondents have Article III standing; (2) whether the Government's conduct "transformed private social-media companies' content-moderation decisions into state action and violated respondents' First Amendment rights"; and (3) whether the "terms and breadth of the preliminary injunction are proper." *See* U.S. App. (23A243) for Stay, at 40, No. 23-411. Of relevance to the pending Motion, the Supreme Court is expected to address the question of state action (i.e., when a private party's

conduct is considered "state action" and therefore First Amendment constraints apply). *See, e.g.*, Oral Arg. Tr. at 70:16–18 (Justice Jackson: "It's the coercion, it's the state action, right? That's the question in this case?"); *id.* at 56:17–19 (Justice Barrett: "That's not coercion. That's voluntary on Facebook's part, but wouldn't it be state action then?").

### B. Procedural History

Plaintiff filed the Complaint on December 4, 2023 against the United States, Cybersecurity Infrastructure Security Agency ("CISA"), various CISA officials and "state actors," and social media companies (X, Google and YouTube, and Meta). *See generally* Compl. Plaintiff's Complaint contains fifteen (15) counts, spanning from First Amendment claims against all Defendants to breach of contract claims against the social media companies. *See generally id.* After the Court granted Defendant Meta's and federal Defendants' motions to stay response deadline, *see* ECF No. 27 (granting Meta's motion); ECF No. 30 (granting federal Defendants' motion), Google filed the present Motion on June 10, 2024, requesting that the Court stay its response deadline to the Complaint pending the Supreme Court's resolution of *Murthy*, *see generally* Mot. Plaintiff did not file a response. The Court now turns to the Motion's resolution.

### II. LEGAL STANDARD

The "power to stay proceedings" is "incidental to the power inherent in every court to control the disposition of the causes on its docket" with "economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). The power to issue a stay is "appropriately exercised where a separate proceeding bearing upon the case is pending." *Hulley Enters. v. Russian Fed'n*, 211 F. Supp. 3d 269, 276 (D.D.C. 2016) (BAH). A stay may be warranted "where the resolution of other litigation will likely narrow the issues in the pending cases and assist in the

3

determination of the questions of law involved." *Id.* (quoting *Landis*, 299 U.S. at 253) (internal quotation marks omitted). The stay may still be warranted even when the "parallel proceedings 'may not settle every question of fact and law,' but would settle some outstanding issues and simplify others." *Bridgeport Hosp. v. Sebelius*, No. 09-cv-1344, 2011 WL 862250, at *1 (D.D.C. Mar. 10, 2011) (RWR) (quoting *Landis*, 299 U.S. at 256). To be lawful, the stay must have "reasonable limits." *Landis*, 299 U.S. at 257.

In determining whether to issue a stay, the Court considers: (1) what effect, if any, "will the completion of the [Supreme Court's] proceedings have on the proceedings before this Court[]"; (2) how, if at all, "will [Plaintiff] be burdened if a stay is granted"; and (3) how, if at all, "will [Google] be burdened if the stay is not granted." *U.S. ex rel. Vt. Nat'l Tele. Co. v. Northstar Wireless, L.L.C.*, 288 F. Supp. 3d 28, 31 (D.D.C. 2017) (CKK). In weighing the hardships of a stay, a court considers the following factors: (1) the "harm to the nonmoving party if a stay does issue"; (2) "the moving party's need for a stay—that is, the harm to the moving party if a stay does not issue"; and (3) whether a stay "would promote efficient use of the court's resources." *Camp. Legal Ctr. v. Correct the Rec.*, No. 23-cv-75, 2023 WL 2838131, at *2 (D.D.C. Apr. 7, 2023) (JEB). If there is a "fair possibility" that the stay would "work damage to some one else," then the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis*, 299 U.S. at 255–59). The Court's determination of whether a stay is warranted "is inextricably intertwined with the nature of the specific case." *Wrenn v. Dist. of Columbia*, 179 F. Supp. 3d 135, 137 (D.D.C. 2016) (CKK).

### III.     DISCUSSION

In the pending Motion, Google requests that the Court stay its response deadline to Plaintiff's complaint, pending the Supreme Court's resolution of *Murthy*, No. 23-411. Mot. at 1. For the reasons set forth below, the Court shall grant Google's request and stay its response deadline, pending further order by the Court.

#### A.  *Murthy's* Effect on this Proceeding

The Court begins by addressing the likely effect the Supreme Court's decision in *Murthy* will have on this case. Google contends that the Supreme Court's resolution of *Murthy* will assist the Court in its own analysis on a motion to dismiss. *Id.* at 2. Of relevance here, one of the questions presented for the Supreme Court's review is "whether the government's challenged conduct transformed private social media companies' content-moderation decisions into state action and violated respondents' First Amendment rights." Mot. at 2; *see* U.S. App. For Stay, at 40, *Murthy*, No. 23-411. The Supreme Court's resolution of the state action question is pertinent in this case, as Plaintiff alleges in the Complaint that government officials "coerc[ed], strong[ly] encourage[d], and coordinat[ed]" with social media companies to monitor Plaintiff's social media activities and content and "regulate [his] speech." Compl. ¶¶ 11, 13–14.

It is evident that the Supreme Court's analysis of state action in *Murthy*, particularly as it relates to social media companies' content-moderation decisions, will inform the Court's own application of the state action doctrine in this case. *See Peled v. Netanyahu*, No. 17-cv-260, 2017 WL 7047931, at *2 (D.D.C. Oct. 16, 2017) (RBW). Accordingly, the Court concludes that the Supreme Court's ruling in *Murthy* will necessarily "narrow the issues" presented in this case and "assist [the Court] in the determination of the questions of law involved." *Hulley Enters. Ltd*, 211 F. Supp. 3d at 276; *see Bridgeport Hosp.*, 2011 WL 862250, at *1 (a stay can be warranted

even if the other proceedings do not "settle every question of fact and law, but would settle some outstanding issues and simplify others.").

### B. The Burdens on the Parties

Next, the Court shall consider the burdens, if any, that a stay will impose on the parties, as well as the burdens, if any, if a stay is not issued.

Although Plaintiff has not indicated his position on the pending Motion, the Court notes that Plaintiff alleges, in the Complaint, that Defendants are violating his First Amendment rights. *See generally* Compl.  The Court acknowledges that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Roman Cath. Diocese of Brooklyn v. Cuomo*, 592 U.S. 14, 19 (2020) (quoting *Elrod v. Burns*, 427 U.S. 347, 373 (1976)).  However, the Court has not yet determined whether Plaintiff has plausibly alleged a First Amendment violation.  *See Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 301 (D.C. Cir. 2006) (explaining that movants "[must] do more than merely allege a [constitutional violation]" to show irreparable harm).  It is also unclear how a delay of a few weeks—as the Supreme Court's decision is expected in June 2024—would impose a hardship on Plaintiff, especially considering the fact that the Court has already stayed Defendant Meta's and federal Defendants' response deadlines in his case.  As such, the Court cannot conclude that the balance of hardships weighs in favor of not issuing a stay.

Furthermore, Google correctly notes that judicial economy and conserving the parties' resources weighs in favor of a stay.  Mot. at 3.  In its Motion, Google has indicated its intent to file a motion to dismiss.  *Id.* at 2.  If the parties proceed with motion to dismiss briefing, the parties' briefing will likely advance, at least partially, without the benefit of the Supreme Court's analysis and decision in *Murthy*.  Neither the Court's limited resources nor the parties' resources are well

spent on briefing and reviewing a motion to dismiss that would, in all likelihood, require supplemental briefing to address any issues and/or developments in the law following the Supreme Court's *Murthy* decision. A brief stay of approximately two weeks would provide the parties and the Court the benefit of the Supreme Court's ruling, clarifying the issues and the law in this case, and would likely take less time than the alternative. *See Novenergia II – Energy & Env't (SCA) v. Kingdom of Spain*, No. 18-CV-1148, 2020 WL 417794, at *4 (D.D.C. Jan. 17, 2020) (TSC) ("[W]hile a stay may well "delay the resolution" of the dispute, in the long run, a stay will 'still likely be shorter than the possible delay that would occur" in its absence).

### IV.     CONCLUSION & ORDER

For the foregoing reasons, the Court shall **GRANT** Defendants Google and YouTube [34] Motion to Stay Response Deadline. Defendants' response deadline to the Complaint is hereby **STAYED**, pending further order from the Court. The parties are directed to meet and confer and file a joint status report **within thirty (30) days** of the Supreme Court's decision in *Murthy, et al. v. Missouri et al.*, No. 23-411. Therein, the parties shall propose how to proceed in this case.

**SO ORDERED.**

Date:  June 20, 2024                                        /s/ _____
                                                                        COLLEEN KOLLAR-KOTELLY
                                                                        United States District Judge