IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DR. SHIVA AYYADURAI,<br><br>      Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>      Defendants. | Civil Action No. 1:23-cv-03766-CKK |

**DEFENDANT FACEBOOK'S (META PLATFORMS, INC.) REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**INTRODUCTION**

Plaintiff brought numerous claims against Defendant Facebook (Meta Platforms, Inc. or Meta)[1] alleging he was "shadowbanned" on Facebook, and Meta filed a Motion to Dismiss based on the Complaint's clear infirmities. *See* ECF No. 39-1 (Mot.). Meta argued that, first and foremost, the Complaint fails to meet the pleading requirements of Federal Rule of Civil Procedure 8(a) because it barely mentions Meta and offers no coherent account of the bases for Plaintiff's claims. Meta further argued that dismissal is warranted because Section 230 of the Communications Decency Act, 47 U.S.C. § 230, squarely bars Plaintiff's claims, Plaintiff fails to allege state action that would make his constitutional claims viable, and Plaintiff otherwise fails to state a plausible claim for relief under any common law or statutory cause of action.

Plaintiff's Opposition does not respond to *any* of Meta's arguments, and therefore concedes them as bases for dismissal. *See* ECF No. 45 (Opp.). Instead of argument, Plaintiff largely reiterates the factual allegations from his pleading regarding a supposed conspiracy between government actors and social media services to limit the reach of Plaintiff's content across the internet. Opp. 3-7. The Opposition also includes 65 pages of purported hearsay "evidence," Opp. 8, comprising several dozen screenshots of YouTube and X/Twitter posts in which Plaintiff's followers purportedly decry his shadowban. Opp. 8-73. None of them are from or relate to Facebook, underscoring the paucity of allegations against Meta. Finally, Plaintiff attempts to salvage his constitutional claims by arguing that *Murthy v. Missouri*, 144 S. Ct. 1972 (2024), supports his position, and by asserting that he has Article III standing. Opp. 3-4, 74. But this is entirely non-responsive to Meta's state action arguments. *See* Mot. 14-17.

---

[1] Facebook, Inc. is not a separate entity from Meta Platforms, Inc. Facebook, Inc. changed its name to Meta Platforms, Inc. on October 28, 2021. *See*, *e.g.*, Form 8-K filed by Meta Platforms (Oct. 28, 2021), *available at* https://www.sec.gov/ix?doc=/Archives/edgar/data/0001326801/000132680121000071/fb-20211028.htm (last visited August 19, 2024).

At its core, the Complaint fails as to any claims against Meta because it utterly fails to allege facts involving Meta's conduct, much less conduct that would be actionable. Plaintiff's allegations essentially rehash a prior lawsuit against Massachusetts state election officials in 2020 involving alleged conduct related to Plaintiff's Twitter/X posts. Even if one were to accept Plaintiff's conclusory allegations as true, including the bare allegation that he was shadowbanned on Facebook (as well as other services), he has not stated a claim showing that he is entitled to relief under the law as to Meta. Plaintiff posits that "a glimpse of audience comments on this matter will inspire this court to conduct discovery." Opp. 8. But discovery is only appropriate if Plaintiff plausibly states a claim for relief, which he has failed to do. And, given Plaintiff's failure to engage with any of the arguments in Meta's Motion or any of the Complaint's deficiencies, there is no indication that amendment would be productive. This Court should thus dismiss Plaintiff's claims against Meta with prejudice.[2]

## ARGUMENT

### I. Plaintiff Fails to Dispute—And Has Therefore Conceded—Meta's Arguments Supporting Dismissal.

Plaintiff's Opposition to Meta's Motion to Dismiss fails to address any of the substantive legal arguments presented in Meta's Motion. It is "well understood in this Circuit" that when a plaintiff files an opposition to a motion to dismiss but fails to respond to arguments in that motion, "the court may treat those arguments that the plaintiff failed to address as conceded." *Dawn J. Bennett Holding, LLC v. FedEx TechConnect, Inc.*, 217 F. Supp. 3d 79, 82 (D.D.C. 2016), *aff'd*,

---

[2] Plaintiff also argues that Meta's attorneys "must be sanctioned by this court for intentionally . . . conflating 'ballots' with 'ballot images'" when describing the tweets that led to Plaintiff's prior lawsuit. Opp. 2. In fact, Meta accurately summarized the Complaint, which alleges that "Dr. Shiva posted a series of tweets . . . reiterating his position that Massachusetts had destroyed ballots" and further alleges that, in his view, "the ballot images are the ballots." Compl. ¶¶ 109, 120. Thus, Meta's representations were accurate and in good faith, and clearly not a basis for sanctions.

No. 16-7144, 2017 WL 2373115 (D.C. Cir. Apr. 4, 2017). That rule holds even where the plaintiff is proceeding pro se. *Henneghan v. District of Columbia*, 916 F. Supp. 2d 5, 9 (D.D.C. 2013) (dismissing pro se complaint because plaintiff's opposition to motion to dismiss "utterly fails to address the substantive arguments"); *Brodt v. Cnty. of Harford*, 10 F. Supp. 3d 198, 202 (D.D.C. 2014) (same).

At the outset, the Opposition does not even attempt to argue that the Complaint satisfies Rule 8. Plaintiff's continued failure to identify any relevant, alleged conduct *by Meta* (as opposed to conduct by Twitter or some other entity) only confirms Meta's argument that dismissal is appropriate under Rule 8. Mot. 7-11.

The Opposition also does not dispute that Section 230 of the Communications Decency Act bars all of Plaintiff's claims because (1) Meta is an interactive computer service provider; (2) the content at issue (Plaintiff's own) was provided by an information content provider other than Meta; and (3) the claims, which challenge Plaintiff's supposed shadowbanning, seek to treat Meta as a publisher of Plaintiff's content. Mot. 11-12.

Nor does Plaintiff attempt to rebut Meta's argument that the First Amendment does not apply to Meta as a private entity, or attempt to explain how Meta could conceivably qualify as a state actor as required to support his constitutional claims. *See* Mot. 14-17. He reiterates his vague allegations of a broad conspiracy between the government and various private parties, but he has no answer to precedent showing that "regulatory interest" in a problem and coordination with private parties about shared concerns—including the government flagging posts as potential misinformation—do not, as a matter of law, meet the high bar for treating a private party as an arm of the state. *See, e.g.*, *Children's Health Def. v. Meta Platforms, Inc.*, 112 F.4th 742 (9th Cir. 2024).

Instead, Plaintiff cites irrelevant quotes from *Murthy v. Missouri* (Opp. 4), which held that

plaintiffs challenging alleged content moderation on private social media sites lacked Article III standing to seek to enjoin the government. Opp. 4 (quoting *Murthy v. Missouri*, 144 S. Ct. 1972 (2024)). Plaintiff reasons that, because he has named both private parties *and* government actors as defendants, he has valid constitutional claims. Opp. 4-5. But this argument is entirely non-responsive to Meta's Motion. Meta did not argue that Plaintiff's constitutional claims fail due to lack of Article III standing, but rather that the Complaint fails to plausibly allege that Meta is a state actor.[3] *See* Mot. 14-17. And to this, Plaintiff has no response.

Plaintiff also does not dispute that his Complaint fails to plead the statutory requirements for conspiracy-related claims under RICO, which requires a pattern of racketeering activity like "obstruction of justice," among other things. Mot. 19-21. Plaintiff similarly fails to dispute that he does not allege elements of his 42 U.S.C. § 1985 claim, which requires use of force or targeting of a protected class. Mot. 17-19.

Finally, Plaintiff makes no mention of his common law claims for Intentional Infliction of Emotional Distress, Defamation, Breach of Contract, and "Action in Excess of Statutory Authority." *See generally* Opp. He does not dispute that an alleged "shadowban" of his online content is not "outrageous conduct" that can support an IIED claim. Mot. 22. He does not explain how an allegedly defamatory statement on Wikipedia relates to Meta at all. Mot. 23. He does not identify any contractual term that Meta allegedly breached. Mot. 23-24. And he does not dispute that injunctive relief is not a stand-alone cause of action or that Meta is a private entity that does not rely on statutory authority to act. Mot. 24.

Plaintiff's "utter[] fail[ure] to address the substantive arguments" in Meta's motion is fatal

---

[3] Indeed, the Supreme Court never reached the question of state action in *Murthy*. *See* 144 S. Ct. at 1985 n.3.

to his case against Meta. *Henneghan*, 916 F. Supp. 2d at 9.

## II. Plaintiff's New Allegations Relating to "the Platform" and "Censorship 10.0" Cannot Be Raised in an Opposition and Do Not Change the Calculus.

Rather than engaging with any of the arguments in Meta's Motion, Plaintiff instead improperly sets forth new allegations about shadowbanning and censorship with no discernible nexus to Meta. "The Court cannot consider new allegations raised for the first time in Plaintiff's Opposition." *Xingru Lin v. D.C.*, No. CV 16-645 (CKK), 2019 WL 1597876, at *9 (D.D.C. Apr. 15, 2019); *see also Briscoe v. Costco Wholesale Corp.*, 61 F. Supp. 3d 78, 83 n. 2 (D.D.C. 2014) (holding that the court must "ignore" new allegations in an Opposition). As such, the Court should ignore Plaintiff's 65 pages of new "evidence," which consist primarily of screenshots from websites or apps *other* than Meta's Facebook service, and which are classic examples of inadmissible hearsay.

Even if such newly raised allegations were to be considered in the light most favorable to Plaintiff, they would not change the calculus. First, the screenshots do not support any claim against Meta for the simple reason that they do not reflect a single comment from or reference to Facebook. Indeed, all they purport to show is that a number of YouTube and X/Twitter users believe Plaintiff to be shadowbanned on those services. Nor do the screenshots rebut any of Meta's arguments or demonstrate why any alleged shadowbanning would constitute state action or satisfy the requirements of any of Plaintiff's other claims. Second, Plaintiff makes a new allegation that "on Facebook, [Plaintiff's] average views per new follower went from 3.6 to 83 to 382, for years 2021-2022, 2022-2023, 2023-2024, respectively," and this "means that it took Plaintiff far 2 to 3 orders of magnitude more views to get the same number of followers." Opp. 7. It is unclear, however, how allegations about Plaintiff's purported harm address any of Meta's arguments concerning Rule 8, Section 230, or failure to state a claim.

Finally, Plaintiff appears to offer more embellished allegations regarding the supposed conspiracy between the government and various social media and online services. For example, Plaintiff refers to these entities collectively as "the platform." Opp. 3. He then introduces the term "Censorship 10.0," which he alleges is a form of censorship in which "users are not deplatformed but allowed to exist on a social media site; however, their reach, views, adding on new subscriber are tightly controlled. The user is placed in a 'digital cage,' as is what took place to Plaintiff." Opp. 6. Reading all inferences in favor of Plaintiff, these allegations are still the same flawed allegations about his purported shadowbanning, stated in different terms. *See, e.g.,* Compl. ¶¶ 6-34, 176-183. Even if the Court were to consider allegations improperly raised for the first time in an opposition, Plaintiff's new allegations of shadowbanning fail to state a claim for the same reasons as his original allegations, and are therefore subject to dismissal. Mot. 11-25.

## CONCLUSION

For the foregoing reasons and the reasons stated in Meta's Motion, Plaintiff's claims against Meta should be dismissed. Because even Plaintiff's new allegations and purported evidence confirm that "success on the merits is impossible," dismissal should be with prejudice. *In re U.S. Off. Prod. Co. Sec. Litig.*, 251 F. Supp. 2d 77, 95 (D.D.C. 2003); *see also GCDC LLC v. Sentinel Ins. Co., Ltd.*, No. CV 20-1094 (TJK), 2021 WL 44389081, *4 (D.D.C. Sept. 28, 2021); *Lurensky v. Wellinghoff*, 167 F. Supp. 3d 1, 22 (D.D.C. 2016).

| | |
|---|---|
| Dated: October 1, 2024 | ORRICK, HERRINGTON & SUTCLIFFE LLP<br><br>By: */s/ Diana Szego Fassbender*<br>Diana Szego Fassbender, Bar No. 996625<br>dszego@orrick.com<br>2100 Pennsylvania Avenue, NW<br>Washington, DC 20037-3202<br>Telephone: +1 202 339 8400<br>Facsimile: +1 202 339 8500<br><br>Attorney for Defendant Meta Platforms, Inc. |