UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHIVA AYYADURAI,<br><br>        Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA et al.,<br><br>        Defendants. | Civil Action No.:  1:23-cv-03766 (CKK) |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
MOTION TO DISMISS BY DEFENDANTS GOOGLE LLC AND YOUTUBE, LLC**

## **TABLE OF CONTENTS**

                                                     **Page**

I.  Plaintiff Does Not, and Clearly Cannot, State a Claim Against YouTube. ........................ 1

II.  Plaintiff's Opposition Only Underscores that His Claims Against YouTube are Barred by Section 230. ............................................................................................................. 2

III.  Plaintiff's Opposition Further Confirms that His Claims Should Be Dismissed with Prejudice. ................................................................................................................... 3

CONCLUSION ................................................................................................................................ 4

# **TABLE OF AUTHORITIES**

**Page(s)**

## **CASES**

*Baldino's Lock & Key Serv. v. Google LLC*,
　285 F. Supp. 3d 276 (D.D.C. 2018),
　　*aff'd*, *Marshall's Locksmith Serv. v. Google, LLC*,
　925 F.3d 1263 (D.C. Cir. 2019)..................................................................................................4

*\*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007).....................................................................................................................2

*Daniels v. Alphabet Inc.*,
　2021 WL 1222166 (N.D. Cal. Mar. 31, 2021)..............................................................................2

*Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*,
　521 F.3d 1157 (9th Cir. 2008) ....................................................................................................2

*Ferrell v. Fudge*,
　2023 WL 2043148 (D.D.C. Feb. 16, 2023),
　　*aff'd*, 2023 WL 6532397 (D.C. Cir. Oct. 5, 2023)...............................................................3

*Hernandez v. D.C.*,
　2023 WL 2525004 (D.D.C. Mar. 15, 2023)................................................................................3

*\*Klayman v. Zuckerberg*,
　753 F.3d 1354 (D.C. Cir. 2014) .................................................................................................3

*Lemon v. Kramer*,
　270 F. Supp. 3d 125 (D.D.C. 2017) ...........................................................................................2

*Stoddard v. D.C.*,
　764 F. Supp. 2d 213 (D.D.C. 2011) ...........................................................................................3

## **STATUTES**

47 U.S.C. § 230(c)(1)..................................................................................................................1, 2

47 U.S.C. § 230(c)(2)(A) ............................................................................................................1, 2

The Motion to Dismiss by Google LLC and YouTube, LLC (collectively, "YouTube") explains that Plaintiff's claims against YouTube must be dismissed, not least because the Complaint contains a "near-total lack of factual allegations about YouTube." Mot. to Dismiss Brief (ECF No. 40-1) ("MTD") at 1. Nothing has changed. Plaintiff's Opposition supposedly "address[es] the substantive arguments raised" in YouTube's motion. Opp. (ECF No. 45) at 1. In truth, Plaintiff does not respond to YouTube's Motion to Dismiss at all. Plaintiff does not (and cannot) dispute that he has not alleged the elements of any claim against YouTube. *See* MTD at 4-8. Nor can he dispute that his claims against YouTube are barred by Section 230 of the Communications Decency Act. *See* 47 U.S.C. § 230(c)(1), (c)(2)(A); MTD at 8-12.

Plaintiff's Opposition is little more than a 75-page non sequitur. Because his brief waives any argument to the contrary, Plaintiff's claims against YouTube should be dismissed.

### I. Plaintiff Does Not, and Clearly Cannot, State a Claim Against YouTube.

Plaintiff does not even mention, much less address, any of YouTube's arguments. This not only waives any argument against dismissal for failure to state a claim, it demonstrates that allowing Plaintiff leave to amend would be futile. It is now undisputed that Plaintiff has not alleged that YouTube is a state actor, and that Plaintiff's First Amendment claims against the company must therefore be dismissed (Counts 1 & 4). *See* MTD at 5-6. It is similarly undisputed that Plaintiff's incoherent *ultra vires* claim against YouTube should be dismissed (Count 2), and that Plaintiff has not alleged against YouTube any acts of racketeering activity to support a RICO Claim (Count 5), any compensable emotional distress (Count 7), any defamatory statements by YouTube about Plaintiff (Count 9), or any breach of contract (Count 15). *See* MTD at 6-7.

At most, Plaintiff's Opposition could be interpreted as an argument that he could bolster his conspiracy claim under the Ku Klux Klan Act (Count 6), if given leave to amend. *See* MTD at 5-6. But the Opposition cannot move the needle with more conclusory assertions about the United

1

States Government supposedly working in concert with "Facebook, Twitter, [and] Google/YouTube" to censor Plaintiff. Opp. at 4; *see also id.* at 5-7. The theory is as conclusory as ever, and, as in the Complaint, the Plaintiff's wire diagram of the supposed conspiracy does not even mention YouTube. *Id.* at 3; Compl. ¶ 1. It is clear that Plaintiff has no way to plausibly allege that YouTube participated in a conspiracy, even assuming he could make out the other elements of a Ku Klux Klan Act claim (which he cannot). There is no hint of "evidence tending to exclude the possibility of independent action" by YouTube in moderating Plaintiff's content, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007), and no "factual support for a conspiracy." *Lemon v. Kramer*, 270 F. Supp. 3d 125, 142 (D.D.C. 2017).

## II. Plaintiff's Opposition Only Underscores that His Claims Against YouTube are Barred by Section 230.

Plaintiff does not dispute that his claims against YouTube are barred by Section 230. *See* MTD at 8-12. Nor could he. The new factual assertions in his Opposition only reinforce that his claims target YouTube's content moderation and seek to hold YouTube liable for "deciding whether to exclude material that [Plaintiff] [sought] to post online," and are therefore barred by Section 230. *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d 1157, 1170-71 (9th Cir. 2008) (en banc).

Plaintiff starts with the vague assertion that "YouTube" "took down videos"—presumably Plaintiff's videos—though he does not say which videos or when. Opp. at 2. That cannot be the basis for a viable claim. An unbroken line of cases has made clear that Section 230 bars claims against YouTube for taking down videos as part of its content moderation efforts. *See, e.g.*, *Daniels v. Alphabet Inc.*, 2021 WL 1222166, *12-13 (N.D. Cal. Mar. 31, 2021) (dismissing claims against YouTube pursuant to Section 230(c)(1) and (c)(2)(A) based on purported shadow banning and removing videos).

2

Plaintiff also asserts that his "average views per new follower" on YouTube increased between 2020 and 2024. Opp. at 7. But any significance of a purported change in the ratio between video views and new YouTube channel subscriptions is puzzling at best. It is unclear whether Plaintiff's numbers suggest a reduction in new subscribers or a boost in his viewership. Either way, the claim is about YouTube's perceived efforts to moderate his content.

Plaintiff also provides unverified screenshots of YouTube comments complaining about Plaintiff being "shadowbanned," though not by YouTube in particular. *Id.* at 8-10. But none of these YouTube comments are provided with any context such as where they appeared or when, and none shed light on YouTube's role in any supposed wrongdoing. None of the comments even accuse YouTube of anything. They should not "inspire this court to conduct discovery" to uncover a purported conspiracy Plaintiff has failed to allege. Opp. at 8. Discovery "'does not cure' the[] 'pleading defects'" in a deficient complaint. *Hernandez v. D.C.*, 2023 WL 2525004, at *7 (D.D.C. Mar. 15, 2023) (quoting *Stoddard v. D.C.*, 764 F. Supp. 2d 213, 220 (D.D.C. 2011)). But the screenshots do reinforce that Plaintiff is trying to hold YouTube liable for its exercise of "a publisher's traditional editorial functions," including by deciding how widely to publish his content. *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359 (D.C. Cir. 2014) (affirming dismissal of such claims under Section 230).

### III. Plaintiff's Opposition Further Confirms that His Claims Should Be Dismissed with Prejudice.

Plaintiff's claims against YouTube are nothing more than "boilerplate allegations" and "insinuations of a conspiracy," and should be dismissed with prejudice. *Ferrell v. Fudge*, 2023 WL 2043148, at *7 (D.D.C. Feb. 16, 2023), *aff'd*, 2023 WL 6532397 (D.C. Cir. Oct. 5, 2023) (Kollar-Kotelly, J.) (dismissing *pro se* complaint with prejudice); MTD at 8. Dismissal with prejudice is also appropriate because Plaintiff's theory of liability is barred by Section 230, which

could not be changed by amendment. *See, e.g.*, *Baldino's Lock & Key Serv. v. Google LLC*, 285 F. Supp. 3d 276, 284 (D.D.C. 2018)), *aff'd*, *Marshall's Locksmith Serv. v. Google, LLC*, 925 F.3d 1263 (D.C. Cir. 2019) (dismissing with prejudice claims barred by Section 230).

## **CONCLUSION**

YouTube respectfully requests that the Court dismiss the claims against it with prejudice.

Respectfully submitted,

Dated:  October 1, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: */s/ Benjamin D. Margo*

Benjamin D. Margo (D.D.C. Bar No. 110445)
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
(212) 999-5800
bmargo@wsgr.com

*Attorneys for Defendants*
*Google LLC and YouTube, LLC*